Mark BRINKMAN et al.,
Plaintiffs-Appellees,

v.

John J. GILLIGAN and Dayton Board of Education et al., Defendants-Appellants.

No. 76–1854.

United States Court of Appeals,
Sixth Circuit.

Aug. 25, 1977.

David C. Greer, Leo F. Krebs, Bieser, Greer & Landis, Dayton, Ohio, for defendants-appellants.

Louis R. Lucas, Ratner, Sugarmon, Lucas & Salky, Memphis, Tenn., John A. Dziamba, Willimantic, Conn., Nathaniel R. Jones, New York City, Richard Austin, Dayton, Ohio, Paul R. Dimond, O'Brien, Moran & Dimond, Ann Arbor, Mich., for plaintiffs-appellees.

Before PHILLIPS, Chief Judge and PECK and LIVELY, Circuit Judges.

ORDER

This matter is before the court on remand from the Supreme Court. In its opinion the Supreme Court vacated the judgment of this court entered pursuant to our

opinion published at 539 F.2d 1084 (6 Cir. 1976) and remanded for further proceedings. *Dayton Board of Education v. Brinkman,* — U.S. —, 97 S.Ct. 2766, 53 L.Ed.2d 851 (1977).

The Supreme Court held that the remedy mandated by this court is "entirely out of proportion to the constitutional violations found by the District Court . . ." and concluded that both "supplementation of the record and additional findings addressed specifically to the scope of the remedy" are required. — U.S. at —, 97 S.Ct. at 2774, 2775.

The Supreme Court then set forth the following requirements on remand:

The District Court, in the first instance, subject to review by the Court of Appeals, must make new findings and conclusions as to violations in the light of this opinion, *Washington v. Davis, supra,* and *Village of Arlington Heights, supra.* It must then fashion a remedy in the light of the rule laid down in *Swann, supra,* and elaborated upon in *Hills v. Gautreaux,* 425 U.S. 284, [96 S.Ct. 1538, 47 L.Ed.2d 792] (1976). The power of the federal courts to restructure the operation of local and state governmental entities "is not plenary. It 'may be exercised only on the basis of a constitutional violation.' [*Milliken v. Bradley*], 418 U.S., at 738, [94 S.Ct. [3112], at 3124, 41 L.Ed.2d [1069], at 1087], quoting *Swann v. Charlotte-Mecklenburg Board of Education,* 402 U.S. 1, 16, [91 S.Ct. 1267, 1276, 28 L.Ed.2d 554, 556–67]. See *Rizzo v. Goode,* 423 U.S. 362, 377, [96 S.Ct. 598, 46 L.Ed.2d 56]. Once a constitutional violation is found, a federal court is required to tailor 'the scope of the remedy' to fit 'the nature and extent of the constitutional violation.' 418 U.S., at 744, [94 S.Ct. [3112], at 3127, 41 L.Ed.2d at 1091]; *Swann, supra,* [402 U.S.], at 16, [91 S.Ct. [1267] at 1276, 28 L.Ed.2d at 566–67]." *Hills, supra,* [425 U.S.], at 294, [96 S.Ct. [1538] at 1544]. See also *Austin Independent School Dist. v. United States,* 429 U.S. 990 (1976) (Mr. Justice Powell, concurring).

The duty of both the District Court and of the Court of Appeals, in a case such as this, where mandatory segregation by law of the races in the schools has long since ceased, is to first determine whether there was any action in the conduct of the business of the school board which was intended to, and did in fact, discriminate against minority pupils, teachers or staff. *Washington v. Davis, supra.* All parties should be free to introduce such additional testimony and other evidence as the District Court may deem appropriate. If such violations are found, the District Court in the first instance, subject to review by the Court of Appeals, must determine how much incremental segregative effect these violations had on the racial distribution of the Dayton school population as presently constituted, when that distribution is compared to what it would have been in the absence of such constitutional violations. The remedy must be designed to redress that difference, and only if there has been a systemwide impact may there be a systemwide remedy. *Keyes, supra,* [413 U.S.], at 213, [93 S.Ct., at 2699].

— U.S. at — — —, 97 S.Ct. at 2775.

The cause is remanded to the district court for further proceedings in conformity with the opinion of the Supreme Court.